Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3327 | **DATE** | 4/17/2012 |
| **CASE TITLE** | U.S. ex rel. Serrano vs. Bates | | |

**DOCKET ENTRY TEXT**

Petitioner Orencio Serrano's amended petition for a writ of habeas corpus (see ECF No. 11-1) is denied, as is Serrano's request for a certificate of appealability. The State's motion to dismiss [18] is denied as moot.

■[ For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

# STATEMENT

In 2002, petitioner Orencio Serrano pleaded guilty to attempted murder and possession of cannabis with intent to deliver in the Circuit Court of Cook County. Pursuant to his plea agreement, he was sentenced to a total of fifteen years—fourteen years to be served for attempted murder, and one year to be served consecutively for the possession. At the time of his sentencing, Serrano was told in passing that there was a mandatory supervised release ("MSR") period for the attempted murder count, and that the MSR period on the possession count was one year. He was not told that the MSR period for attempted murder was three years.

Serrano filed a post-conviction petition on November 2, 2006, arguing that he had been unconstitutionally deprived of the benefit of his bargain, and that he would not have pleaded guilty had he understood that a three-year MSR term would be added to his fourteen-year sentence. After an evidentiary hearing, the trial court dismissed that petition. In March 2009, the appellate court reversed on the basis of the Illinois Supreme Court's decision in *People v. Whitfield*, 840 N.E.2d 658 (Ill. 2005). In *Whitfield*, the court held that where a court fails to admonish a defendant that his sentence includes a period of MSR and the defendant pleads guilty pursuant to a negotiated plea agreement, the addition of the MSR term "amounts to a unilateral modification and breach of the plea agreement by the State, inconsistent with constitutional concerns of fundamental fairness." *Id.* at 667. The *Whitfield* court crafted a remedy wherein it decreased the defendant's twenty-five year sentence to twenty-two years, followed by a three-year MSR term—the very type of relief the appellate court initially granted to Serrano. In Serrano's case, however, the Illinois Supreme Court ultimately entered a supervisory order in instructing the appellate court to reconsider in light of *People v. Morris*, 925 N.E.2d 1069 (Ill. 2010). In *Morris*, the supreme court clarified that *Whitfield* had announced a new rule which would not be applied retroactively to cases on collateral review. Following remand, the appellate court concluded that Serrano's conviction had been finalized well before the 2005 *Whitfield* decision, and that Serrano was not entitled to retroactive relief. Serrano filed a petition for leave to appeal to the Illinois Supreme Court, which was denied, followed by a petition for a writ of *certiorari* to the U.S. Supreme Court, which also was denied.

## STATEMENT

This court now addresses Serrano's petition for a writ of habeas corpus, which he filed pursuant to 28 U.S.C. § 2254. Serrano argues that the appellate court refused to address his claim under *Santobello v. New York*, 404 U.S. 257 (1971), on the merits, which means that he is entitled to *de novo* review; in the alternative, he argues that the appellate court unreasonably applied clearly established federal law in violation of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") 28 U.S.C. § 2254(d)(1), by refusing to apply *Santobello*.

The State responded by filing a motion to dismiss, arguing that Serrano's petition is untimely. First, the State argues the petition is untimely because it was filed more than a year after his judgment of conviction became final in 2002, *see* 28 U.S.C. § 2244(d)(1)(A). Second, the State argues that the exception under 28 U.S.C. § 2244(d)(1)(D) does not apply, and even if it did, Serrano had in his possession all of the necessary facts to present his claim by no later than December 17, 2004, when he requested plea hearing transcripts to support his post-conviction petition. Serrano responds that "the state has the burden of showing that the petition is untimely," *Gildon v. Bowen*, 384 F.3d 883, 886 (7th Cir. 2004) (citation omitted), then goes on to argue that the State did not meet its burden because the State "is not even able to identify *when* this three-year term was added to Serrano's sentence." (Resp. to Mot. to Dismiss at 7-8.) He also argues that the addition of the MSR was not a judicial act, but instead was an administrative act or a legislative act, which means the time limit set out in § 2244(d) does not apply to his case. Finally, he simultaneously requests a certificate of appealability and claims that he has no need for one, since he is challenging "the non-judicial act of adding MSR to his court-ordered sentence." (*Id.* at 17-18.)

This court does not need to decide the timeliness issue: even assuming *arguendo* that Serrano's petition is timely, his claim cannot succeed. The Illinois appellate court clearly addressed his *Santobello* argument on the merits. Serrano misreads the appellate court's rejection of his argument as a refusal to engage on the merits, but the appellate court simply examined his argument and found it unpersuasive. That means that this court reviews the state appellate decision under AEDPA to see whether it runs afoul of "clearly established federal law." *See Etherly v. Davis*, 619 F.3d 654, 660 (7th Cir.2 010) ("As a threshold matter, we must identify the 'clearly established Federal law' at issue."); *House v. Hatch*, 527 F.3d 1010, 1018 (10th Cir.2008) ("[O]nly if we answer affirmatively the threshold question as to the existence of clearly established federal law, may we ask whether the state court decision is either contrary to or an unreasonable application of such law."). As this court recently reiterated in *U.S. ex rel. Robinson v. Chandler*, No. 08 C 1558, 2011 WL 2149358, at *4 (N.D. Ill. May 25, 2011) (footnotes and some citations omitted):

> the United States Supreme Court has never held that a defendant has a due process right to be advised of MSR when he enters into a plea agreement. In fact, "the [Supreme] Court has expressly declined to decide such an issue in the very similar context of parole." *Lockhart v. Chandler*, 446 F.3d 721, 724 (7th Cir. 2006). Because there is no "clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1),[the petitioner] is presented with an "impossible hurdle"; he cannot establish that the state court contradicted or unreasonably applied a federal law when that federal law does not exist. *See Lockhart*, 446 F.3d at 724.

Serrano's petition does not discuss *Lockhart*, but like the petitioner in *Lockhart*, he bases his argument almost entirely upon "pre-AEDPA cases from this circuit as well as from Illinois," which is "a far cry from showing the state court contradicted, or unreasonably applied, clearly established federal law as determined by the Supreme Court, [as Serrano] is required to do." *Lockhart*, 446 F.3d at 724. Because Serrano cannot show that the Illinois appellate court acted contrary to, or unreasonably applied, clearly established federal law, this court denies his petition for a writ of habeas corpus.

| STATEMENT |
|---|
| Finally, this court does not grant Serrano a certificate of appealability. The request is governed by 28 U.S.C. § 2253(c)(2), and requires a "substantial showing of the denial of a constitutional right." "An applicant has made a 'substantial showing' where 'reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Arredondo v. Huibregtse*, 542 F.3d 1155, 1165 (7th Cir. 2008) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). In light of *Lockhart*, it would not appear that there is a reasonable debate as to whether the trial court's failure to inform Serrano of his three-year MSR period violated "clearly established" federal law. |
|  |